UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,

                  Plaintiff,          Civil No. 10-11371
                                         District Judge John Corbett O'Meara
-v-                                  Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, et al.,

                  Defendants.
_____/

## REPORT AND RECOMMENDATION

Arthur Campbell ("Plaintiff"), a Michigan Department of Corrections ("MDOC") prisoner currently housed at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed suit on April 6, 2010 pursuant to 42 U.S.C. §1983 regarding events surrounding the April, 2007 issuance of a minor misconduct ticket and transfer from the Mound Road Correctional Facility ("NFR") in Detroit to the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan.

One of the Defendants is James Armstrong, and MDOC employee.  Mr. Armstrong has not yet been served with a complaint and summons, although Plaintiff has filed a "motion for subpoena duces tecum," in which he asks for Armstrong's address, in order to effect service.  However, a review of the complaint shows that Plaintiff has not alleged a viable claim for relief against Armstrong, and for that reason, I recommend that the complaint be DISMISSED SUA SPONTE as to Armstrong, for failure to state a plausible claim for relief.

## I.   LEGAL BASIS FOR SUA SPONTE DISMISSAL

A court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack

of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## II.   DISCUSSION

According to the complaint, Defendant Armstrong was a "Step III Grievance Appeal Respondent," *Complaint*, p. 4, who rejected Plaintiff's Step III grievance appeals on August 20, 2007 and November 9, 2007. *Id.*, ¶¶ 84, 104. The complaint alleges that Armstrong "failed to properly exercise [his] administrative oversight responsibilities by defending the adverse action taken against Plaintiff for exercising his First Amendment rights," *Id.* ¶ 106 and his First, Eighth and Fourteenth Amendment rights, *Id*. ¶ 118. There are no other claims or facts alleged against Armstrong.

Under *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), § 1983 liability cannot generally be imposed on a theory of *respondeat superior.* Where there is an allegation of supervisory, or *respondeat superior* liability, it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir.1988); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant's personal involvement in unconstitutional activity is an essential element of a § 1983 claim. *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995). The Sixth Circuit has clearly held that merely denying or responding to an administrative grievance is insufficient to support § 1983 liability. *Shehee,* 199 F.3d at 300.

Therefore, on its face, the complaint fails to allege a plausible claim for relief against Defendant Armstrong. In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---

, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell*

*Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929

(2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court

described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the
> Court of Appeals observed, be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense. But where the well-
> pleaded facts do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged–but it has not shown–that the pleader is
> entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

The complaint against Defendant Armstrong completely fails the *Iqbal* test, and is therefore

subject to *sua sponte* dismissal under Rule 12(b)(1) and *Apple v. Glenn, supra*.[1]

### III.   CONCLUSION

I therefore recommend that the Court *sua sponte* dismiss the complaint as to Defendant

James Armstrong.

Any objections to this Report and Recommendation must be filed within fourteen (14) days

of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,*

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity will not preserve all the objections a party

---

[1] In a separate Report and Recommendation, I have recommended that Defendant
Greason's motion for summary judgment be granted for similar reasons.

might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Date: February 3, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 3, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 3, 2011: **Arthur Campbell.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge R. Steven Whalen
                                        (313) 234-5217

                                        -4-