UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,

                    Plaintiff,               Civil No. 10-11371
                                           District Judge John Corbett O'Meara
-v-                                   Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, *et al.*,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION RE: TRO

Before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") [Docket #30], filed September 16, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons set forth below, I recommend that the motion be DENIED.

## I.   BACKGROUND

Arthur Campbell ("Plaintiff"), a Michigan Department of Corrections ("MDOC") prisoner currently housed at Gus Harrison Correctional Facility ("ARF"), filed suit on April 1, 2010 pursuant to 42 U.S.C. §1983 regarding events surrounding the April, 2007 issuance of a minor misconduct ticket and transfer from the Mound Road Correctional Facility ("NFR") in Detroit to the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan.  Plaintiff's present motion alleges that on September 10, 2010, he was transferred from LCF to the Earnest C. Brooks Correctional Facility ("LRF") in Muskegon Heights, Michigan.  Plaintiff claims that the transfer, which allegedly interferes with his ability to send and receive legal documents and access to his own legal papers, was performed in retaliation for his filing of this and other lawsuits.  *Docket #30* at pg. 2 of 10.

## II. STANDARDS FOR GRANTING INJUNCTIVE RELIEF

In determining whether to grant a preliminary injunction or TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002); *McPherson v. Michigan High School Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) ( *en banc* ). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet,* 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000); *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. A preliminary injunction is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.; Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir.2000). The level of proof required for the Plaintiff to obtain a preliminary injunction "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

## III.  DISCUSSION

### A.  Likelihood of Success on the Merits

To begin with, "courts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons." *Hanna v. Toner,* 630 F.2d 442, 444 (6th Cir.1980). Furthermore, prison inmates do not have a constitutional right to be at any particular prison, and correctional authorities have broad discretion to transfer inmates to different facilities. In *Ward v. Dyke,* 58 F.3d 271, *274 (6th Cir.1995), the Court stated:

> Prisoners do not have a constitutional right to be incarcerated in any particular institution. *See Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.; Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). "Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." *Meachum,* 427 U.S. at 228, 96 S.Ct. at 2540.

Further, Defendants note that the transfer to LRF was facilitated to make room for "an incoming prisoner requiring outpatient mental health care." *Response* at 2, Exhibit A.  Given 1). the deference given to prison authorities, 2) apparently legitimate grounds for the transfer and 3) Plaintiff's failure to make any substantial showing that post-Complaint transfers are constitutionally impermissible, this Court should refrain from entangling itself in the MDOC's decisions as to prison administration, including the transfer of prisoners.

In addition, Plaintiff alleges in the present action that a past transfer was done with retaliatory motives. Whatever the merits of that claim, the present motion for TRO challenges a subsequent transfer occurring after the filing of the Complaint, and, significantly, were effected by

MDOC personnel that are not parties to this lawsuit.  *Id.,* Exhibit A at 2.  Plaintiff has not alleged

personal involvement of any of the named Defendants in post-Complaint transfers. Thus, this Court

does not have personal jurisdiction over the individuals who ordered Plaintiff's transfers, and cannot

enter an injunctive order against them. *Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 (6th

Cir.2006); Fed.R.Civ.P. 12(b)(2).

Accordingly, Plaintiff has not shown a substantial likelihood of success on the merits that

would warrant a TRO.

### B. Irreparable Harm

Plaintiff's conclusory allegation that the transfer would cause him to miss court-imposed

deadlines is belied by the fact that he has continued to prosecute the present action and presumably

other suits without significant interruption.  The docket sheet shows that he has aggressively pursued

this case, and has clearly been able to both file motions and to respond to Defendants' motions.  I

note that since the September, 2010 transfer discussed here, Plaintiff was again transferred in late

May, 2011.  Yet, he has been able to file at least one pleading since. *Dock. #59.* In short, Plaintiff

cannot show that the September, 2010 transfer or subsequent transfers has caused irreparable harm.

### C. Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be considered in tandem. The MDOC

has an interest in promulgating and enforcing prison regulations, including reasonable rules

involving prisoner transfers. The public has an interest in a well-regulated and orderly prison system,

albeit one that respects the constitutional rights of the inmates. By granting injunctive relief in this

case, the Court would be in the untenable position of second-guessing and countermanding the

MDOC's legitimate prison policies.

-4-

Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

In conclusion, a balancing of the factors weighs substantially against the grant of a TRO.

## IV.  CONCLUSION

For these reasons, I recommend that Defendants motion [Doc. #30] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length

unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.



s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 5, 2011

_____

## CERTIFICATE OF SERVICE

I hereby certify on August 5, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 5, 2011: **Arthur Campbell.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217

-6-