UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL, *et al.*,

        Plaintiff,               Civil No. 10-11371
                                          District Judge John Corbett O'Meara
-v-                                         Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This is a prisoner civil rights case, brought under 42 U.S.C. § 1983. It has a long procedural history. Following a remand by the Sixth Circuit, there remain claims of retaliation (First Amendment) and deliberate indifference to medical conditions (Eighth Amendment). Before the Court is Plaintiff's cross-motion for summary judgment [Doc. #109], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED WITHOUT PREJUDICE.

      **I.    BACKGROUND**

      Arthur Campbell ("Plaintiff"), a Michigan Department of Corrections ("MDOC") prisoner currently housed at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed suit on April 1, 2010 pursuant to 42 U.S.C. §1983 regarding events

surrounding the April, 2007 issuance of a minor misconduct ticket and transfer from the Mound Road Correctional Facility ("NFR") in Detroit to the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan.

After the Defendants' motion for partial summary judgment was denied, I provisionally granted Plaintiff's motion for appointment of counsel, and on November 22, 2011, attorney Ronald Diebel filed an appearance on Plaintiff's behalf. Following discovery, Defendants filed a motion for summary judgment [Doc. #80]. Attorney Diebel filed a motion to withdraw as counsel, which was denied [Doc. #85]. However, he did not file a response to the Defendants' summary judgment motion, and the Court granted that motion [Doc. #90].

On appeal, the Sixth Circuit affirmed in part and reversed in part, remanding retaliation claims and one Eighth Amendment deliberate indifference claim [Doc. #101]. The Sixth Circuit also recommended that this Court reconsider Mr. Campbell's request for substitute counsel, stating:

> "[W]e also recommend that the district court reconsider Campbell's request for substitute counsel. Although the appointment of counsel in a civil case 'is a privilege that is justified only by exceptional circumstances,' the district court previously determined that exceptional circumstances warranted the appointment of counsel in this case. In light of the issues discussed above, circumstances may still exist that would warrant the appointment of substitute counsel to assist Campbell with filing a response to the defendants' renewed motion for summary judgment."

Defendants have not filed a renewed motion for summary judgment. On May 27, 2015, however, Plaintiff filed a response to the previously granted summary judgment

motion, which included his own cross-motion for summary judgment [Doc. #109].

On November 18, 2015, I ordered previous counsel removed, and stayed the case for 30 days pending the Court's attempt to procure new *pro bono* counsel. To date, that search has been unsuccessful.

## II. DISCUSSION

First, to the extent that Plaintiff's present pleading is a response to the previous motion for summary judgment [Doc. #80], it is moot, because that motion was granted, and the order/judgment dismissing the complaint was partially reversed by the Sixth Circuit. When the Sixth Circuit remanded the case, the panel strongly suggested that new *pro bono* counsel be obtained to respond to Defendants' *renewed* motion for summary judgment. There is no such renewed motion pending at this time.

The Court has thus far been unable to procure counsel through its *pro bono* panel. However, I have requested the assistance of the Chief Judge to attempt to find counsel for the Plaintiff. I have also, by separate order, given the Defendants 30 days to file a renewed motion for summary judgment, if they wish to do so. If such motion is filed, and if *pro bono* counsel is obtained, I will give counsel a reasonable time to file a response, as well as a dispositive motion on Plaintiff's behalf, if that is warranted. If, despite its best efforts, the Court is unable to obtain counsel for the Plaintiff, then I will afford the Plaintiff a reasonable time to respond and to re-file his own cross-motion for summary judgment. Given the Sixth Circuit's strong suggestion that counsel be appointed for

Plaintiff, it would be prudent to deny his *pro se* motion without prejudice to re-filing after the issue of counsel is resolved.

### III.   CONCLUSION

I recommend that Plaintiff's cross-motion for summary judgment [Doc. #109] be DENIED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  February 9, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 9, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen