UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,   10-11371

    Plaintiff,

v.   Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, ET AL.,

    Defendants.
_____/

**ORDER REGARDING RULE 50(a) MOTION**

This case was tried to a jury between October 10, 2017 and October 17, 2017. On October 16, 2017, following the close of proofs, Defendants moved for judgment as a matter of law under Fed.R.Civ.P. 50(a).

For the reasons stated on the record, the motion was and is GRANTED as to Defendants Booker, Snipes, and Steward. The motion was taken under advisement as to the remaining Defendants.

On October 17, 2017, the jury found no cause of action as to Defendants Bragg, Ducett, Gause, and Powell. This pre-verdict Rule 50(a) motion is therefore DENIED AS MOOT as to these four Defendants. The jury also found no cause of action as to Defendant Dye on all counts except the conspiracy count. The motion as to Defendant Dye is therefore DENIED AS MOOT as to the retaliation count and the deliberate indifference count. The retaliation count is discussed below.

The jury found Defendant Dye liable on the First Amendment retaliation count, the Eighth Amendment deliberate indifference count, and the § 1983 conspiracy count, and awarded damages. Because there was a legally sufficient evidentiary basis for the jury's verdict, the Rule 50(a) motion will be denied as to Defendant Dye.

There was sufficient evidence presented to the jury as to each element of the retaliation count against Defendant Dye. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). The Plaintiff engaged in protected conduct by filing grievances. In terms of an adverse action, Plaintiff's typewriter and television were damaged while they were in the custody of the MDOC, including Defendant Dye, who also confiscated Plaintiff's medications. The withholding of prescribed medicine and the destruction and misuse of personal property constitutes an adverse action. *See Walker v. Bain,* 257 F.3d 660, 663–64 (6th Cir. 2001); *Bell v. Johnson*, 308 F.3d 594, 597-604 (6th Cir. 2002). A causal connection between the protected conduct and the adverse action was shown by Defendant Dye's statement to Plaintiff, after he asked to take his property with him when he was transferred to the Lakeland Facility, that "we're going to fix your legal beagle ass." When the property arrived at Lakeland some ten days later, it was damaged. There was also testimony that Dye and Conyers confiscated Plaintiff's medications and inhaler at the time he was transferred. There was a conflict in the testimony as to whether the medications were expired.

The jury was also presented with evidence that would reasonably support both the objective and subjective prongs of an Eighth Amendment deliberate indifference claim against Defendant Dye. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2002). Plaintiff testified as to shortness of breath and chest pains, and presented documentary evidence as to the medications he received, his long-term pulmonary condition, and the pulmonary and hypertension diagnoses, supporting the jury's finding that Plaintiff suffered from a serious medical need, and that Defendant Dye was aware of his conditions. Intentionally depriving Plaintiff of his medications and inhaler (again, there was conflicting evidence as to whether the prescriptions were expired) is sufficient to support a finding of deliberate indifference. *See Comstock.*

Finally, there was sufficient evidence to support a conspiracy claim against Defendants Dye and Conyers.[1] The jury found, based on the evidence, that Plaintiff's First and Eighth Amendment rights were violated. There was testimony that Defendant Conyers was present when Dye told Plaintiff the "we" were going to "fix his legal beagle ass." The property was left in the custody of Dye and Conyers when Plaintiff left the area. Conyers testified that she was present with Dye when Plaintiff's property was inventoried. The property later turned up damaged. Plaintiff testified that both Dye and Conyers confiscated his medication, and, in contrast to Plaintiff's own testimony, both Dye and Conyers claimed that the medications were expired. This evidence creates a question of fact as to whether Dye and Conyers agreed to a course of action aimed at depriving Plaintiff of a constitutionally protected right.

Accordingly, the pre-verdict Rule 50(a) motion is DENIED as to Defendant Dye, and DENIED as to the retaliation claim against Defendant Conyers.

IT IS SO ORDERED.

                                            s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated: October 24, 2017

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 24, 2017, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager to the
                                            Honorable R. Steven Whalen

---

[1] The Court granted Plaintiff's motion to amend the Joint Final Pretrial Order to reflect a § 1983 conspiracy claim rather than a § 1985(3) conspiracy claim.