UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,  10-11371

    Plaintiff,

v.  Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, ET AL.,

    Defendants.

_____/

**OPINION AND ORDER RE: POST-JUDGMENT MOTIONS**

**I.   Background**

This prisoner civil rights case, brought under 42 U.S.C. § 1983, was tried to a jury between October 10, 2017 and October 17, 2017. At trial, the Defendants, all employees of the Michigan Department of Corrections ("MDOC"), were Cynthia Gause, Angela Dye, Mark Bragg, Joslyn Conyers, Clarence Powell, Raymond Booker, Sandra Doucet, Tommy Snipes, and Darrell Steward. Following the close of proofs, Defendants moved for judgment as a matter of law under Fed.R.Civ.P. 50(a). The Court granted the motion as to Defendants Booker, Snipes, and Steward. The motion was taken under advisement as to the remaining Defendants.

On the Plaintiff's First Amendment retaliation claim, the jury found no cause of action as to Defendants Gause, Bragg, Powell, Conners, and Ducett. The jurors found Defendant Dye liable on this claim, awarding $1,500.00 in nominal damages and $2,500.00 in punitive damages.

On the Eighth Amendment deliberate indifference claim, the jury found Defendant Dye liable, awarding $5,000.00 in punitive damages. It found no cause of action on this claim as to Defendant Conyers and the other Defendants.

On the conspiracy claim, the jurors found Defendants Dye and Conyers liable, and

-1-

awarded $2,500.00 in punitive damages. They found no cause of action as to the other Defendants.

Following the jury verdict, and based on the jury finding no cause of action as to Defendants Bragg, Ducett, Gause, and Powell, the Court denied these Defendants' pre-judgment Rule 50(a) motions as moot. The Court also denied the motion as to the First Amendment retaliation count, the Eighth Amendment deliberate indifference count, and the conspiracy count against Defendant Dye, and as to the conspiracy count against Defendant Conyers.

The parties now bring the following post-judgment motions:

-Defendants Dye and Conyers' Renewed Motion for Judgment as a Matter of Law (under Rule 50(b)) and to Alter Judgment under Rule 59 [Doc. #179].

-Plaintiff's Motion for Judgment as a Matter of Law, or in the alternative, Motion for a New Trial [Doc. #182].

For the reasons discussed below, both motions will be DENIED.

## II. Legal Principles

### A. Rule 50(b)

Fed.R.Civ.P. 50(b) is a procedural mechanism to renew a Rule 50(a) motion for judgment as a matter of law after a jury verdict and entry of judgment. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399–400 (2006). In assessing a Rule 50(b) motion, the Court does not weigh the evidence or assess the credibility of the witnesses. *Conwood Co. L.P. v. United States Tobacco Co.*, 290 F.3d 768, 781 (6th Cir. 2002). Judgment as a matter of law "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001). "Thus, while the district court has the duty to intervene in appropriate cases, the jury's

verdict should not be disturbed simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *Wheaton v. N. Oakland Med. Ctr.*, 2006 WL 44163, at *2 (E.D. Mich. Jan. 6, 2006). A Rule 50(b) motion is addressed to the court's discretion. *In re Brown,* 342 F.3d 620, 626 -627 (6th Cir. 2003).

### B. Rule 59

Fed.R.Civ.P. 59(a) provides that following a jury verdict, the court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." In *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940), the Supreme Court held that "motion for new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." The grant or denial of a motion for new trial under Rule 59(a) is addressed to the court's broad discretion, *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1487 (6th Cir.1991) (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)).

### III. DISCUSSION

#### A. Defendants' Motion [Doc. #179]

##### 1. Rule 50(b)

Defendants seek relief only with regard to the Eighth Amendment deliberate indifference claim, and their argument is premised on *Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001). The Defendants argue that under *Napier*, a prison inmate complaining of a delay in medical treatment is required to "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id*. at 742. They contend that Plaintiff "failed to present medical evidence that he was harmed by the delay." *Defendants' Motion*, Doc. #179, Pg. ID 1654.

First, Defendants have waived this argument by raising it for the first time in a Rule

50(b) motion. " 'When a party fails to raise an argument in its Rule 50(a) pre-verdict motion, it is precluded from making a Rule 50(b) post-verdict motion on that ground.' " *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 736 (6th Cir. 2016) (quoting *Sykes v. Anderson*, 625 F.3d 294, 304 (6th Cir.2010)). *See also Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 491 (6th Cir.2008)(noting the "well-established proposition that a post-trial motion for judgment as a matter of law 'is not available at anyone's request on an issue not brought before the court prior to submission of the case to the jury.' ")(quoting *Am. & Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 160 (6th Cir.1997)). In their Rule 50(a) motion, brought before the jury began its deliberations, Defendants had every opportunity to argue the *Napier* issue. Their failure to do so constitutes waiver.

In addition, *Napier* is inapposite. Defendants argue that Plaintiff presented no evidence that his prescriptions expired. To the contrary, Plaintiff himself testified that the prescriptions for Adalat, Mevacor, and an inhaler were active, and presented exhibits to that effect. Conyers testified that inhalers never expire. At most, and as the Court noted in its opinion denying the Rule 50(a) motion [Doc. #175], there was conflicting evidence as to whether the prescriptions had expired:

> "The jury was also presented with evidence that would reasonably support both the objective and subjective prongs of an Eighth Amendment deliberate indifference claim against Defendant Dye. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir.2002). Plaintiff testified as to shortness of breath and chest pains, and presented documentary evidence as to the medications he received, his long-term pulmonary condition, and the pulmonary and hypertension diagnoses, supporting the jury's finding that Plaintiff suffered from a serious medical need, and that Defendant Dye was aware of his conditions. Intentionally depriving Plaintiff of his medications and inhaler (again, there was conflicting evidence as to whether the prescriptions were expired) is sufficient to support a finding of deliberate indifference."

Moreover, in the Joint Final Pretrial Order [Doc. #151], the parties stipulated that "Plaintiff has been in the chronic care clinic for over fifteen (15) years due to his hypertension, high cholesterol and asthma." All this is significant because where there has been a diagnosis and medication has been prescribed, the *Napier* requirement of "verifying

medical evidence" is inapplicable. In *Taylor v. Boyd*, 2008 WL 3852184, at *11 (W.D. Tenn. Aug. 15, 2008), which also involved the confiscation of asthma medication, the Court held:

> "Because Plaintiff's asthma was diagnosed by a physician, and medication was prescribed to treat it, he suffered from a serious medical need at the time of the events in question. See, e.g., *Saylor v. O'Dea*, No. 96–6685, 1997 WL 693065, at *1 (6th Cir. Oct. 31, 1997)*; McLain v. Secure Care, Inc*., No. 04–73744, 2007 WL 1219048, at *3 (E.D.Mich. Apr. 24, 2007).

In *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 898 (6th Cir. 2004), the Sixth Circuit held that "*Napier* does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." With regard to asthma, the Court in *Taylor v. Boyd* held:

> "Regardless of whether any of the defendants had previous knowledge that Plaintiff suffered from asthma, a layperson would be aware that asthma is a serious condition that is sometimes treated with inhalers and that medication that has been prescribed by a physician should not be confiscated." *Taylor v. Boyd*, at *11 .

Because Defendants have waived the *Napier* issue, and because that issue lacks merit in any event, their motion under Rule 50(b) will be denied.

## 2. Rule 59

In the Rule 59 portion of their motion, Defendants seek remittitur of the damages award, arguing that "[p]unitive damages cannot be awarded unless the jury had found that the plaintiff was injured." *Motion*, Doc. #179, Pg. ID 1659. With regard to the Eighth Amendment deliberate indifference claim and the conspiracy claim, the jury awarded punitive damages, but no compensatory damages.

Defendants hang their hats on a 1998 decision of the Alabama Supreme Court, *Life Ins. Co. of Georgia v. Smith*, 719 So.2d 797 (Ala. 1998). However, this case having arisen in the State of Michigan, it is Sixth Circuit precedent that controls. Contrary to the Alabama case, the Court in *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001), held:

> "We also note that it was not inconsistent for the jury to conclude that defendants' conduct was malicious enough to justify punitive damages, but that [plaintiff] suffered no actual, conpensable injuries as a result. *In civil rights cases, punitive damages may be awarded in the absence of a compensatory award*." (Emphasis added).

*See also Lodise v. Lodise*, 9 F.3d 108 (6th Cir. 1993)(affirms punitive damage award where jury awarded no compensatory damages); *Paciorek v. Michigan Consol. Gas* Co., 179 F.R.D. 216, 220-22)(E.D. Mich. 1998) (declining to vacate punitive damages award even though the jury did not award compensatory or nominal damages); *Boothe v. TRW Credit Data*, 557 F.Supp. 66 (S.D.N.Y.1982) (no actual damages; $15,000 punitive damages); *Curtis v. Loether*, 415 U.S. 189, 190–91 (1974)(in a case brought under Title VIII of the Civil Rights Act of 1968, Court affirms grant of punitive damages in the absence of compensatory damages).

A Court cannot remit the jury's damage award unless it is (1) beyond the range supportable by proof; (2) so excessive as to shock the conscience; or (3) the result of a mistake. *See Gregory v. Shelby County*, 220 F.3d 433, 443 (6th Cir.2000). Here, the jury in this prisoner civil rights action awarded $5,000.00 in punitive damages in the Eighth Amendment claim and $2,500.00 punitive damages in both the First Amendment retaliation and the conspiracy claim.[1] These are hardly staggering amounts, given that this case involved violations of the constitutional rights of a plaintiff who, as a prison inmate, does not have the choices or freedoms of an individual in free society, particularly with regard to medical treatment possession of property. One of the purposes of punitive damage awards is to deter unlawful conduct, and reducing or eliminating the modest award in this case would tend to "encourage bad behavior by prison officials and would discourage settlement in litigation because it would tell prison officials that they could violate prisoners' rights on the cheap." *Siggers-El v. Barlow*, 433 F.Supp.2d 811, 819

---

[1] It does not appear that Defendants are contesting the punitive damages awards in the retaliation or the conspiracy claims. In any event, I find that those awards were reasonably based on the evidence at trial.

(E.D. Mich. 2006).

The punitive damages awards in this case do not shock the conscience, and were well-supported by the evidence. Defendants' Rule 59 motion will be denied.

### B. Plaintiff's Motion [Doc. #182]

Plaintiff has filed a motion for new trial under Fed.R.Civ.P. 59(a), (1)arguing that the Court erred in granting Defendants Booker, Snipes, and Steward's pre-verdict Rule 50(a) motion; and (2) challenging the jury's verdict of no cause of action as to Defendants Powell, Gause, Ducett, and Bragg on all counts, and no cause of action as to Defendant Conyers on the retaliation and deliberate indifference counts.

Where a Rule 59 motion asks a court to set aside or modify a jury verdict that was grounded in properly admitted evidence, a court must proceed cautiously, with due deference to the parties' Seventh Amendment right to a jury trial. In *Duncan v. Duncan,* 377 F.2d 49, 54 (6th Cir.1967), the Sixth Circuit cautioned:

> "Where no undesirable or pernicious element had occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of facts."

(quoting *Lind v. Schenley Indus., Inc.,* 278 F.2d 79, 90 (3d Cir.1960) (en banc)). Likewise, the Sixth Circuit in *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir.2007), recently stated:

> "In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified.... The court is to accept the jury's verdict if it is one which reasonably could have been reached.... To put it more succinctly, this court will overturn a grant of a motion for a new trial on the basis that the verdict was against the weight of the evidence where it is clear that the jury verdict was reasonable." (Citations and internal quotes omitted).

> Plaintiff attaches weight to the fact that Defendants Booker, Stewart, and Snipes

survived summary judgment. That decision was made, however, before any evidence was presented at trial. The evidence at trial, discussed on the record during the Defendants' Rule 50(a) motion, showed no personal involvement of these three Defendants in the alleged violations. Lisa Jones' testimony regarding *her* knowledge as to when Plaintiff would be transferred has no bearing on the question of the personal involvement of these Defendants.

As to the jury's verdict, the Plaintiff in effect argues that there was an alternative conclusion that the jury could have reached based on this record. Even if this were true, the verdict was reasonable, and it is not for the Plaintiff or this Court to substitute its own view of the evidence for that of the jury. The Plaintiff speculates that '[i]n spite of the Court's instructions to the jury that they should not factor in Booker, Stewart, and Snipes removal as defendants during their deliberations," the absence of those Defendants set of a "domino effect" that led to a "compromise verdict." *Plaintiff's motion* [Doc. #182], Pg. ID 1745. First, it is presumed that jurors follow the Court's instructions, *Bruton v. United States*, 391 U.S. 123, 135 (1968). Secondly, the proposition that this jury engaged in some sort of compromise is pure speculation, as is the Plaintiff's belief that the jury was "confused." The salient question in a Rule 59(a) motion is whether the verdict was *reasonable* and whether it was based on the evidence presented at trial. The jurors filled out a 25-page verdict form, agreed to by all parties, that detailed the elements they would have to find for each Defendant on each count [Doc. #174]. The jurors were polled, and the verdict was unanimous. That these jurors found some Defendants liable and some Defendants not liable reflects a *split* verdict based on a careful and rational assessment of the evidence, not a *compromise* verdict. Plaintiff's Rule 59(a) motion will be denied.

## IV. CONCLUSION

Accordingly,

Defendants' Renewed Motion for Judgment as a Matter of Law (under Rule 50(b))

and to Alter Judgment under Rule 59 [Doc. #179] is DENIED.

Plaintiff's Motion for Judgment as a Matter of Law, or in the alternative, Motion for a New Trial [Doc. #182] is DENIED.

IT IS SO ORDERED.

                                s/R. Steven Whalen
                                R. STEVEN WHALEN
                                UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2019

## CERTIFICATE OF SERVICE

I hereby certify on March 31, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on March 31, 2019.

                                s/Carolyn M. Ciesla
                                Case Manager for the
                                Honorable R. Steven Whalen