UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL,               10-11371

       Plaintiff,

v.              Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, ET AL.,

       Defendants.
_____/

**OPINION AND ORDER RE: ATTORNEY FEES**

This prisoner civil rights case, brought under 42 U.S.C. § 1983, was tried to a jury between October 10, 2017 and October 17, 2017. The jury awarded Plaintiff a total of $11,500.00 against Defendants Dye and Conners, which included $2,500.00 against Conners on Plaintiff's conspiracy claim, jointly and severally with Dye.

Plaintiff now brings a motion for attorney fees and costs under 42 U.S.C. § 1988 [Doc. #177].

42 U.S.C. 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of section[] 1983...of this title,...the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." Attorney fees awarded under this section must be reasonable.

First, Plaintiff is a prevailing party for purposes of sec. 1988, notwithstanding that

he only prevailed on some of his claims against some of the Defendants. Prevailing party status "is not determined simply by which party was victorious on the majority of claims." *Watkins v. County of Genesee*, 2017 WO 1077068, *5 (E.D. Mich. 2017), citing *Woods v. Willis*, 631 Fed.App'x 359, 364 (6th Cir. 2015). In *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th cir. 2001), the plaintiff was found to be a prevailing party where twelve of his fourteen claims had been dismissed. A plaintiff prevails within the meaning of sec. 1988 "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2015). *See also Thurman v. Yellow Freight Systems, Inc.,* 90 F.3d 1160, 1169 (6th Cir.1996)("[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised."). Here, the jury awarded Plaintiff $11,500, an amount certainly sufficient to constitute relief on the merits in a way that directly benefits him. *See Watkins*, where the plaintiff was awarded $10,002.00.

Under the Prison Litigation Reform Act ("PLRA"), there are certain limits on attorney fees in prisoner civil rights cases. The total amount is capped at no more than 150% of the amount of the judgment and further limits the claimed hourly rate to 150% of the hourly rate established under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, for payment of court-appointed counsel. 42 U.S.C. § 1997e(d) (2)-(3). Thus, the total

permissible fee award in this case is $17,250.00, at a rate of $198.00 per hour.[1]

Under that formulation, an attorney would meet the PLRA fee cap in 87.12 hours. Apart from pretrial motions and status conferences, trial in this case went over a period of five days. Factoring in trial preparation, even a single attorney would significantly exceed 87 hours in a trial of this length. Accordingly, I find a request for $17,250.00 in attorney fees reasonable, notwithstanding that Plaintiff was represented by four attorneys from Dykema Gossett PLLC.[2]

Section 1997e(d)(2) of the PLRA also allows for a portion of the plaintiff's judgment, not exceeding 25%, to be applied to satisfy the payment of attorney's fees. Defendants ask that the full 25% be used. In *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2009), the Eighth Circuit identified four factors to consider in deciding what portion of an award in a prisoner civil rights case should be applied to attorney fees:

> "(1) the degree of the opposing parties' culpability or bad faith, (2) the ability of the opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions."

*See also Tanner v. Borthwell*, 2013 WL 1148411, at *1–2 (E.D. Mich. Mar. 19, 2013)(applying the *Kahle* standards). In *Tanner*, as in the present case, the jury awarded punitive damages. *Tanner* found this to be a significant fact in favor of applying only one

---

[1] The CJA rate at the time of trial was $132.00 per hour.

[2] Defendants were also represented by three attorneys from the Michigan Attorney General's Office.

dollar of the judgment to attorney fees:

> "An award of punitive damages against both defendants shows that the jury intended to deter other persons acting under similar circumstances. Seven thousand dollars is not a small punitive damage award, particularly in a prisoner civil rights case. Courts have recognized that '[r]are is the prisoner who succeeds in winning a case at all, much less winning more than nominal damages.' *Farella v. Hockaday*, 304 F.Supp.2d 1076, 1081 (C.D.Ill. 2004). Therefore, the court will assign only one dollar, a nominal portion of Plaintiff's judgment, to satisfy the award of attorneys' fees."

The determination of the amount of an award to be applied to attorney fees is addressed to the Court's discretion. *Kahle*, at 743. Here, the jury awarded a total of $10,000 in punitive damages. In *Tanner*, the punitive damage award was $7,000. For the same reasons the Court discussed in *Tanner*, I find it appropriate to assign one dollar, "a nominal portion of Plaintiff's judgment," to the award of attorney fees.

Accordingly, the Court awards Plaintiff attorney fees in the amount of $17,250.00, with one dollar to be paid out of Plaintiff's judgment of $11,500.00.

In *Tanner*, at *2, the Court declined to award pre-judgment interest:

> "The Sixth Circuit Court of Appeals has held that the decision to award prejudgment interest in Section 1983 cases is within the discretion of the trial court. *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 579 (6th Cir.1984). Plaintiff Tanner seeks interest from October 26, 2007, when she filed her complaint, to March 27, 2012, when judgment was entered. However, unlike in an employment discrimination case such as *Wooster*, Defendants did not deprive Tanner of money she would have otherwise had in the absence of their conduct. Therefore, the court will deny the request for prejudgment interest."

Likewise in this case, I will deny Plaintiff's request for pre-judgment interest.

Finally, Plaintiff claims $1,075.28 is costs. I have reviewed counsel's Bill of

-4-

Costs, and find all claims allowable and reasonable. The request for costs will therefore be granted.

Accordingly,

Plaintiff's Motion for Attorney Fees and Costs [Doc. #177] is GRANTED IN PART AND DENIED IN PART, as follows:

Attorney fees are awarded in the amount of $17,250.00, with one dollar to be paid out of Plaintiff's judgment of $11,500.00.

Costs are awarded in the amount of $1,075.28.

Plaintiff's request for pre-judgment interest is DENIED.

IT IS SO ORDERED.

Dated: May 6, 2019                         s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE

---

## CERTIFICATE OF SERVICE

I hereby certify on May 6, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on May 6, 2019.

                                           s/Carolyn M. Ciesla
                                           Case Manager for the
                                           Honorable R. Steven Whalen