UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR CAMPBELL, *et al.*,

        Plaintiff,                    Civil No. 10-11371
                                             District Judge John Corbett O'Meara
-v-                                         Magistrate Judge R. Steven Whalen

CYNTHIA GAUSE, et al.,

        Defendants.
_____/

**ORDER**

      Plaintiff Arthur L. Campbell has filed a motion for reconsideration [Doc. #189] of my order [Doc. #187] denying his motion to "withdraw" a stipulated order dismissing without prejudice claim 8 (alleged violation of First Amendment Free Exercise Clause) and claim 9 (alleged violation of Religious Land Use and Institutionalized Persons Act) of his complaint.

      Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

"(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

      In the present motion, Plaintiff argues that the order in question was based on a "palpable error" by which the court and the parties were misled. Not so.

      Plaintiff contends that when he agreed to a dismissal of these two claims without prejudice,

-1-

he was "led to believe that he would be able to 'withdraw' the stipulation and obtain declaratory and injunctive relief after the jury returned its favorable verdict." *Motion*, ¶ 14. This makes no sense. When the claims were withdrawn, the religion-based issues were removed from consideration, and the parties–particularly the Defendants–were relieved of the obligation to present evidence supporting or refuting those claims. Thus, issues of fact remain as to both the First Amendment free exercise claim[1] and the RLUIPA claim.[2] That is why summary judgment was not granted on these claims. But that does not mean that the Court must now rule on withdrawn claims where there are disputed issues of fact, notwithstanding Plaintiff's *post hoc* assertion that he was led to believe otherwise. I note that Plaintiff was represented by counsel when the stipulation was entered.

The claims were withdrawn without prejudice, meaning there has been no decision on the merits. Plaintiff's remedy, if any, is to file a new action, subject to any affirmative defenses that may be available to the Defendants. Plaintiff has not shown any palpable defects underlying the Court's order denying his motion to withdraw his stipulation.

---

[1] E.g., did Plaintiff have a sincerely held religious belief supporting his need for the oils; was the seizure of the oils reasonably related to a legitimate governmental interest. See *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

[2] E.g., was the Plaintiff's possession of the oils grounded in a sincerely held religious belief, see *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2774, n. 28 (2014); did the seizure of Plaintiff's oils impose a "substantial burden" on a religious exercise; was it justified by a compelling governmental interest; was it the least restrictive means of furthering that interest. See 42 U.S.C. § 2000c-1(a); *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752 (7th Cir. 2003), *cert. denied*, 541 U.S. 1096 (2004).

Accordingly, Plaintiff's motion for reconsideration [Doc. #189] is DENIED.

IT IS SO ORDERED.


Dated: June 4, 2019                s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on June 4, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 4, 2019.

                                   s/Carolyn M. Ciesla
                                   Case Manager for the
                                   Honorable R. Steven Whalen